THE STATE, FACTS PUBLISHING COMPANY, PROSECUTORS,
v. GEORGE G. FELTON ET AL.

1. Under the District Court act (*Rev. Sup.*, p. 224), District Courts have jurisdiction in landlord and tenant cases, where the tenant is a body corporate.
2. In such cases, the summons should. be served according to section 23 of the act.
3. In such cases, the statutory notice to pay the rent in arrears or surrender the premises may be served on any officer or agent of a business corporation, whose duty it is, either in his official capacity or by virtue of his employment, to communicate the fact of such service to the governing body of the corporation.
4. It will be inferred, in the absence of proof to the contrary, that a person holding the offices of secretary and treasurer in a business corporation is a proper officer to receive such a notice on behalf of his company.

On *certiorari.*

Argued at November Term, 1889, before Justices KNAPP and DIXON.

For the motion to dismiss the writ, *Geo. A. Vroom.*

*Contra, John W. Wartman.*

The opinion of the court was delivered by

DIXON, J.   On October 19th, 1889, an affidavit was filed in the District Court of the city of Camden, for the purpose of securing the removal of the Facts Publishing Company from premises in Camden which that corporation had leased from George G. Felton and others, upon the ground that rent was in arrears.   On the same day a summons was issued and served upon William H. Getty, the secretary and treasurer of the corporation.   On October 21st, 1889, a writ of *certiorari* was allowed to remove the proceedings to this court, and the corporation has now filed its reasons for reversal, which allege,

in substance, that the District Courts have no jurisdiction in landlord and tenant proceedings where the tenant is a corporation, because the pertinent sections of the District Court act, relating to the service of the summons and necessary notices, apply to such tenants only as are natural persons.

The landlords move to dismiss the *certiorari,* insisting that the District Court had jurisdiction, and that therefore the writ was improvidently allowed.

In suits for the dispossession of tenants, section 127 of the District Court act (*Rev. Sup., p.* 246), declares "that the summons shall be served in the manner hereinbefore prescribed by this act." The reference is to sections 22 and 23, the latter of which regulates the service on corporate defendants and authorizes such a service on the treasurer of the corporation. In view of these provisions, the mere service of the summons in the present case was clearly warranted.

But before a tenant can be ejected for default in the payment of rent, a demand of such rent must be made according to section 123 of the act, by three days' notice in writing, served " by the person entitled to such rent upon the person owing the same," such notice to be "served either personally on the tenant by giving him a copy thereof, or by leaving a copy thereof at his usual place of abode, with some member of his family above the age of fourteen."

These words are claimed to import natural persons only.

By section 121 of the act under review, any word used in the statute to describe or refer to any person shall be understood to include bodies corporate as well as individuals; consequently, section 123 must be interpreted as warranting such service of the notice upon a corporate tenant as is equivalent to personal service upon an individual. On this point, nothing need be added to what was said in *Dock* v. *Elizabethtown Steam Manufacturing Co.,* 5 *Vroom* 312, where the legal rule was shown to be, that in case of a corporation created for and engaged in trade or business, service of a notice on any officer or agent of the company, whose duty it is, either in his official capacity or by virtue of his employment, to communicate the fact of

such service to the governing body of the corporation, is tanta-, mount to personal service in case of a natural person.

It only remains to consider, whether, in the present instance, the notice was served upon an officer or agent of the character above indicated.

The service was made upon Getty, the secretary and treasurer of the company, and the notice required payment of the rent or possession of the demised premises. We think it is to be inferred from the style of these offices that their incumbent was authorized to receive, on behalf of the corporation, a demand for the payment of its ordinary debts, and notice of the legitimate consequences of failure to pay them, and that it was his duty to communicate the same to the governing body of the corporation.

We conclude that the objections made to the jurisdiction of the District Court are not tenable, and that the writ of *certiorari* should be dismissed and the record remitted to the District Court for further proceedings according to law. The defendants are entitled to costs.